JEREMY S. GOLDMAN
FRANKFURT KURNIT KLEIN & SELZ, P.C.
2029 Century Park East, Suite 1060
Los Angeles, CA 90067
Telephone: (310) 579 9600
Facsimile: (310) 579 9650
E-Mail: jgoldman@fkks.com

Attorneys for Defendants
Hasbro, Inc. and Backflip Studios, LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEAK OYUN YAZILIM VE PAZARLAMA AS, a Turkey corporation, d/b/a/ Peak Games<br><br>Plaintiff,<br><br>vs.<br><br>HASBRO, INC., a Rhode Island corporation, and BACKFLIP STUDIOS, LLC, a Delaware Limited liability company,<br><br>Defendants. | Case No.: 3:16-cv-06083(LB)<br><br>Assigned to the Hon. Laurel Beeler<br><br>**HASBRO, INC.'S AND BACKFLIP STUDIOS LLC'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: Oct. 21, 2016 |

Defendants Hasbro, Inc. ("Hasbro") and Backflip Studios, LLC ("Backflip" and together with Hasbro "Defendants") hereby state the following for their Answer and Affirmative Defenses ("Answer") to the complaint dated October 21, 2016 ("Complaint"), filed by Plaintiff Peak Oyun Yazilim Ve Pazarlama As ("Peak") in the above-captioned action. Defendants deny each allegation in the Complaint unless expressly admitted.

1. Defendants admit that Backflip is the owner of the game *My Little Pony: Puzzle Party* ("*Puzzle Party*"), but deny that such game violates Peak's intellectual property rights as alleged in Paragraph 1 of the Complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 of the Complaint and thus deny such allegations.

2. Defendants deny the allegations in Paragraph 2 of the Complaint, except admit that Hasbro owns a 70% interest in Backflip, that *Puzzle Party* is related to Hasbro's My Little Pony brand, and that *Puzzle Party* had its global launch in or around October 2016.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint concerning the statements Google Play "reviewers" or the content of Google Play "reviews," and thus deny such allegations. Defendants deny all of the remaining allegations in Paragraph 3 of the Complaint.

4. Defendants admit that Hasbro owns the rights to the game *Scrabble* and that Hasbro has previously taken legal action to protect its intellectual property rights. To the extent that the Complaint refers to publicly-available court filings, Defendants deny Plaintiff's characterization of those documents and refer to such filings for a full and arcuate statement of their contents. Except as admitted, Defendants deny all the allegations in Paragraph 4 of the Complaint.

5. Defendants admit that the Complaint purports to state a claim for copyright infringement, but Defendants deny that any such infringement has occurred and deny that Plaintiff is entitled to the relief sought in the Complaint. Defendants deny all of the remaining allegations in Paragraph 5 of the Complaint.

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint and thus deny such allegations.

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint and thus deny such allegations.

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint and thus deny such allegations.

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint and thus deny such allegations.

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint and thus deny such allegations.

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint and thus deny such allegations.

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint and thus deny such allegations.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint concerning the

"game experience" of *Toy Blast* and thus deny such allegations. Defendants deny all of the remaining allegations in Paragraph 13 of the Complaint.

14.  Defendants admit that *Puzzle Party* was released via the iTunes App Store and Google Play. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint concerning how *Toy Blast* generates revenue, and thus deny such allegations. Except as admitted, Defendants deny all the allegations in Paragraph 14 of the Complaint.

15.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint and thus deny such allegations.

16.  Defendants admit that Hasbro, Inc. is a Rhode Island corporation with its headquarters in Pawtucket, Rhode Island. Hasbro admits and affirmatively alleges that it is one of the world's leading creators of toys, games and entertainment content for children and adults of all ages, and that My Little Pony is one of its many iconic brands. Except as admitted, Defendants deny all the allegations in Paragraph 16 of the Complaint.

17.  Defendants admit that Backflip is a Delaware limited liability company with its principle place of business in Boulder, Colorado. Defendants further admit that Hasbro owns a 70% interest in Backflip. Except as admitted, Defendants deny all the allegations in Paragraph 17 of the Complaint.

18.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint concerning where Google, Apple and Facebook "reside," and thus deny such allegations. Defendants admit and affirmatively allege that *Puzzle Party* is publicly available for download throughout the United States via the iTunes App Store and Google

1  Play store.  Except as admitted, Defendants deny all the allegations in Paragraph
2  18 of the Complaint.
3         19.    The allegations in Paragraph 19 are legal assertions or conclusion to
4  which no response is required.  To the extent any response is required, Defendants
5  deny the allegations in Paragraph 19 of the Complaint.
6         20.    The allegations in Paragraph 20 are legal assertions or conclusion to
7  which no response is required.   To the extent any response is required, Defendants
8  deny the allegations in Paragraph 20 of the Complaint.
9         21.    Defendants deny the allegations in Paragraph 21 of the Complaint.
10        22.    The allegations in Paragraph 22 are legal assertions or conclusion to
11 which no response is required.  To the extent any response is required, Defendants
12 deny the allegations in Paragraph 22 of the Complaint.
13        23.    Defendants deny the allegations in Paragraph 23 of the Complaint.
14        24.    Defendants deny the allegations in Paragraph 24 of the Complaint.
15        25.    Defendants deny the allegations in Paragraph 25 of the Complaint and
16 its accompanying table, and refer to *Puzzle Party* for a full and accurate statement
17 of its content.
18        26.    Defendants deny the allegations in Paragraph 26 of the Complaint,
19 and refer to *Puzzle Party* for a full and accurate statement of its content.
20        27.    Defendants deny the allegations in Paragraph 27 of the Complaint,
21 and refer to *Puzzle Party* for a full and accurate statement of its content.
22        28.    Defendants deny the allegations in Paragraph 28 of the Complaint and
23 its accompanying table, and refer to *Puzzle Party* for a full and accurate statement
24 of its content.
25        29.    Defendants deny the allegations in Paragraph 29 of the Complaint and
26 refer to *Puzzle Party* for a full and accurate statement of its content.
27
28

30. Defendants deny the allegations in Paragraph 30 of the Complaint and refer to *Puzzle Party* for a full and accurate statement of its content.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint and its accompanying table, and refer to *Puzzle Party* for a full and accurate statement of its content.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint and its accompanying table, and refer to *Puzzle Party* for a full and accurate statement of its content.

35. Defendants deny the allegations in Paragraph 35 of the Complaint and refer to *Puzzle Party* for a full and accurate statement of its content.

36. Defendants deny the allegations in Paragraph 36 of the Complaint and its accompanying table, and refer to *Puzzle Party* for a full and accurate statement of its content.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint and thus deny such allegations.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**

42. Defendants incorporates by reference their responses to all the foregoing paragraphs of this Answer.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.
45. Defendants deny the allegations in Paragraph 45 of the Complaint.
46. Defendants deny the allegations in Paragraph 46 of the Complaint.
47. Defendants deny the allegations in Paragraph 47 of the Complaint.
48. Defendants deny the allegations in Paragraph 48 of the Complaint.
49. Defendants deny the allegations in Paragraph 49 of the Complaint.
50. Defendants deny the allegations in Paragraph 50 of the Complaint.
51. Defendants deny the allegations in Paragraph 51 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Plaintiff's prayer for relief contains no allegations, and thus no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any of the relief sought in the prayer for relief.

## JURY DEMAND

Defendants respectfully demands trial by jury pursuant to Fed. R. Civ. P. 38(b) for all issues so triable.

## AFFIRMATIVE DEFENSES

In further reply to the Complaint, and by way of affirmative defenses and other defenses, Defendants state that they will rely upon the following defenses if applicable and if supported by the facts. Defendants do not admit that they bear the burden of proof for any of these defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (No Copying)

2. Plaintiff's claim is barred, in whole or in part, because Defendants have not copied any copyright-protected works in which Plaintiff holds an exclusive right.

## THIRD AFFIRMATIVE DEFENSE

### (Fair Use)

3. Plaintiff's claim is barred, in whole or in part, by the doctrine of fair use.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4. Plaintiff has waived its claim, in whole or in part, based on its own conduct.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5. Plaintiff is estopped from prevailing on its claim, in whole or in part, based on its own conduct.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6. Plaintiff's claim is barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Injunctive Relief Unavailable)

7. Plaintiff is not entitled to injunctive relief because Plaintiff has an adequate remedy at law to the extent it prevails on any portion of its claim.

## RESERVATION OF RIGHTS TO ALLEGE
## OTHER AFFIRMATIVE DEFENSES

Defendants reserve the right to amend their Answer to add additional affirmative defenses or to eliminate or withdraw affirmative defenses as may become necessary after a reasonable opportunity for appropriate discovery.

WHEREFORE, Defendants requests the following relief:

(a) That Plaintiff be denied all relief sought in the Complaint.

(b) That Plaintiff's claim asserted in the Complaint be dismissed with prejudice;

(c) That Defendants be awarded their attorneys' fees and costs pursuant to, *inter alia*, 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d); and

(d) Any such other and further relief as the Court deems just and proper.

Dated: December 12, 2016          FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: _____
Jeremy S. Goldman
Attorneys for Defendants
Hasbro, Inc. and Backflip Studios, LLC

# PROOF OF SERVICE
*Peak, et al. v. Hasbro, Inc., et al.*
*Case No.: 3:16-cv-06083(LB)*

STATE OF CALIFORNIA, COUNY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to this action. My business address is 2029 Century Park East, Suite 1060, Los Angeles, California 90067.

On December 12, 2016, I served the foregoing document described as

**HASBRO, INC'S AND BACKFLIP STUDIOS LLC'S ANSWER AND AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL**

By the method as described below:

☑ **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and was executed in Los Angeles, California.

DATED: December 12, 2016

_____
Azniv Kharamian